UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-CV-23143-JEM

ARNALDO MOINELLO HERNANDEZ and )
all others similarly situated under 29 U.S.C. )
216(b), )
 )
        Plaintiffs, )
  vs. )
 )
CONCEPT AUTO, INC., )
MIKE KVACHUK, )
MARAT KVACHUK, )
 )
        Defendants. )
_____ )

## JOINT PLANNING AND SCHEDULING REPORT

Plaintiff and Defendants, by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 26(f), S.D.Fla. L.R. 16.1(B), and the Court's Order, hereby file this Joint Scheduling Report.

A.    The Likelihood of Settlement

The Parties intend to explore, in good faith, the possibilities of settlement and will continue to explore, in good faith, the possibilities of settlement as contemplated by S.D. Fla. L.R. 16.1(B)(5), as this case progresses further.

B.    The Likelihood of Appearance In the Action of Additional Parties

At the present time, the Parties do not anticipate adding any additional Parties however the Parties will seek leave to amend, if applicable. Plaintiff intends to fully utilize the FLSA opt-in process and will seek leave to amend or certify if applicable. Defendants do not anticipate that this matter will become a collective action under the FLSA.

C.    Proposed limits on the time:

As set forth in attached Joint Scheduling Form with suggested pretrial deadline

D. <u>Proposals for the Formulation and Simplification of Issues</u>

The Parties agree to cooperate in trying to simplify the issues through discovery.

E. <u>The Necessity or Desirability of Amendments to the Pleadings</u>

The parties do not anticipate any Amendments to the Pleadings at this time. Plaintiff intends to fully utilize the FLSA opt-in process and will seek leave to amend or certify if applicable. Defendants do not anticipate that this matter will become a collective action under the FLSA.

F. <u>The Possibility of Obtaining Admissions of Fact and Documents to Avoid Unnecessary Proof</u>

The Parties will attempt, in good faith, to obtain admissions of fact, make appropriate stipulations, and exchange documents which will avoid unnecessary proof in this action. The Parties will work to agree on authentication of relevant documents and reserving arguments as to interpretation of such documents, specifically, to documents which originated from each of the Parties and/or their respective representatives/employees. At this time, there is no need for any advance rulings with respect to admissibility of evidence.

G. <u>Suggestions of the Avoidance of Unnecessary Proof and Cumulative Evidence</u>

The Parties, where possible and in good faith, shall attempt to streamline the presentation of evidence to advance the case to trial, and to minimize the duration of the proposed trial, as to those facts and evidence where there is no dispute.

H. <u>Suggestions on the Advisability of Referring Matters to Magistrate Judge or Master</u>

The Parties do not agree to consent to the Magistrate at this time.

I. <u>Preliminary Estimate of the Time Required for Trial</u>

The Parties estimate this case will require 3 to 4 days for trial. Plaintiff requests a trial by jury.

J. <u>Requested date or dates for conferences before trial, a final pretrial conference, and trial</u>

As set forth in attached Joint Scheduling Form with suggested pretrial deadlines.

K. <u>Any Other Information That Might Be Helpful to the Court</u>

Counsel for the Plaintiffs are Jewish and observe the High Holy Days. Plaintiffs' counsel's firm, is closed in observance of said holidays on, 10/12/17, 10/13/17, 3/31/18,

        4/1/18, 4/6/18, 4/7/18, 5/20/18, 5/21/18. Plaintiff's counsel observes the Jewish holidays of Sukkot and Shmeni Atzeiret which begin on 10/4/17 and last through 10/12/17. Defendants' counsel will be out of the country beginning November 15, 2017 through November 26, 2017 and will be out of state beginning December 26, 2017 through January 8, 2018.

L.      <u>Whether the trial will be jury or non-jury</u>

        Plaintiff requests a trial by jury.

M.     <u>An Outline of the legal elements of each claim and defense raised by the pleadings</u>

        Plaintiff:
Plaintiff has the burden to show that Plaintiff is owed the wages sought under the FLSA and that Plaintiff worked over 40 hours in a single work week (although Plaintiff refers to *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-688 (U.S. 1946), regarding record keeping requirements), including, but not limited to, the following issues:

        i.      Plaintiff has alleged in the Complaint that this Court has FLSA coverage/subject-matter jurisdiction.
        ii.     Plaintiff has alleged in the Complaint that there is operational control. Plaintiff will argue that various employer is liable, and individual liability exists under the FLSA regarding allegations of operational control and ownership.
        iii.    Plaintiff reserves all rights regarding proving all allegations set forth in the Complaint and defending same.
        iv.    The hours worked by the Plaintiff and how much wages are therefore owed, if any.
        v.     Whether Defendants are liable for alleged violations of the overtime and minimum wage provisions of the FLSA.

        Defendants:

Defendants agree that Plaintiff, as the claimant, has the burden to prove that he performed work for which he was not properly compensated and the extent of that work (if any). Defendants further state that to the extent any damages would be owed to Plaintiff (a claim they deny), those damages would be limited to half his regular rate as he was paid a salary that intended to compensate him for all hours worked in any workweek in which he worked.

N.     <u>A good faith estimates of the specific dollar valuation of actual damages and other relief at issue;</u>

Plaintiff refers to the Statement of Claim filed as [DE8].

O.     <u>The need for variance from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure, including the grounds supporting the requested variance</u>

None at this time.

DATED:  The 9th day of October, 2017.

By: */s/ Neil Tobak, Esq.*                        By: */sAdi Amit*
   Neil Tobak, Esq.                                  Adi Amit, Esq.
   Fla. Bar No. 093940                    Fla. Bar No. 35257
   ntobak.zidellpa@gmail.com          Lubell & Rosen, LLC
   J.H. ZIDELL, P.A.                           200 S. Andrews Avenue
   300 71st Street, Suite 605            Suite 900
   Miami Beach, FL 33141              Fort Lauderdale, FL 33301
   Telephone: (305) 865-6766          954-880-9500
   Facsimile: (305) 865-7167           Fax: 954-755-2993
   *Attorney for Plaintiff*                   Email: adi@lubellrosen.com

*Attorney for Plaintiff*                               *Attorney for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-CV-23143-JEM

ARNALDO MOINELLO HERNANDEZ and )
all others similarly situated under 29 U.S.C. )
216(b), )
               )
               )
   Plaintiffs, )
 vs. )
               )
CONCEPT AUTO, INC., )
MIKE KVACHUK, )
MARAT KVACHUK, )
               )
   Defendants. )
_____)

### Joint Scheduling Form

Pursuant to the Court's Order Requiring Compliance with Local Rule 16.1, the parties have agreed to the following deadlines:

| **DATE** | **ACTION** |
| --- | --- |
| By 11/30/17 | All motions for joinder of parties, to amend pleadings, and to add opt-in plaintiff(s) (with requisite consent(s) and affidavits) shall be filed. |
| By 2/22/18 | The Parties shall each furnish opposing counsel a written list containing the names and addresses of all fact witnesses who may be called at trial. Only those witnesses named on this list shall be permitted to testify at trial. |
| By 7/23/18 | All **fact** discovery must be completed. The Parties shall be under a continuing obligation to supplement discovery responses within ten (10) days of receipt or other notice of new or revised information. |

| | |
|---|---|
| By 2/22/18 | Plaintiff(s) must provide Defendant(s) an expert witness list accompanied by the summaries and reports required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. Only those expert witnesses named on this list and for whom the required summaries and reports have been provided shall be permitted to testify at trial. Within the fourteen day period after this deadline, Plaintiff(s) shall make the expert witnesses available for deposition by Defendant(s). |
| By 2/22/18 | Defendant(s) must provide Plaintiff(s) an expert witness list accompanied by the summaries and reports required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. Only those expert witnesses named on this list and for whom the required summaries and reports have been provided shall be permitted to testify at trial. Within the 14 day period after this deadline, Defendant(s) shall make the expert witnesses available for deposition by Plaintiff(s). |
| By 7/23/18 | All **expert** discovery must be completed. |
| By 8/20/18 | All dispositive, pre-trial motions and memoranda must be filed, as well as any motions to exclude or to limit proposed expert testimony. |
| By 9/14/18 | Mediation shall be completed. |
| By 10/12/18 | Proposed date before which all motions in limine must be filed. |
| By 11/13/18 | Proposed date for joint pre-trial stipulation pursuant to Local Rule 16.1(e). |
| 11/26/18 | Proposed date for pretrial conference. |
| 12/10/18 | Proposed date for trial. |

| | |
|---|---|
| 9/26/17_____ | /s/ <u>Neil Tobak, ESQ.</u>_____ |
| (date) | (Signature) |
| | <u>Neil Tobak</u>_____ |
| | PRINTED NAME OF ATTORNEY |
| | Attorney for Plaintiff |
| | |
| __10/9/17_____ | /s/ __Adi Amit, ESQ._____ |
| (date) | (Signature) |
| | Adi Amit _____ |
| | PRINTED NAME OF ATTORNEY |
| | Attorney for Defendants |