UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:17-cv-23143-JEM

ARNALDO MOINELLO HERNANDEZ and others similarly situated under U.S.C. 216(b),

    Plaintiff,

v.

CONCEPT AUTO, INC., MIKE KVACHUK, MARAT KVACHUK,

    Defendants.

_____/

## ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants, CONCEPT AUTO, INC., MIKE KVACHUK, and MARAT KVACHUK, by and through their undersigned counsel, hereby files her Answer to Plaintiff's Complaint as follows:

1. Admitted that the Complaint alleges a cause of action under the Fair Labor Standards Act 29 U.S.C. §§201-216.

2. Defendants are without knowledge as to the truthfulness or accuracy of the allegation contained in this Paragraph, but presume it to be true, for jurisdiction and venue purposes only.

3. Admitted that CONCEPT AUTO, INC. during portions of the time period alleged in Paragraph 10, below.

4. Admitted.

5. Admitted.

6. Denied that any acts or omissions by Defendants capable of giving rise to an FLSA dispute took place.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. Admitted that the Complaint alleges a violation of a United States statute. Admitted that the Complaint attempts to allege a cause of action for collective action under 29 U.S.C. §216(b). All other allegations or assertions in this paragraph are denied.

8. Admitted for jurisdictional purposes only.

9. This Paragraph does not contain a factual allegation to which a response is required. The referenced statute speaks for itself.

10. Denied that Plaintiff worked for CONCEPT AUTO, INC. during the entire time period alleged.

11. Admitted that the entity Defendant's business involves interstate commerce, for FLSA purposes. Denied that Plaintiff's work for the entity Defendant involved interstate commerce. Admitted that while working for the entity Defendant, Plaintiff used goods and materials that have previously been in interstate commerce.

12. Admitted.

13. Admitted as to 2015 and 2016 only.

14. Admitted.

15. Denied.

16. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred to the extent that she did not actually work more than forty (40) hours in any workweek.

### Second Affirmative Defense

Plaintiff's damages are barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

### Third Affirmative Defense

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which he engaged in certain activities that were preliminary or postliminary to his principal activities.

### Fourth Affirmative Defense

To the extent that the corporate Defendant is found not to be liable, the individual Defendants are also not liable for any violations of the FLSA because any claim against him would only be a derivative of the claim against the corporate Defendant. See, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

### Fifth Affirmative Defense

Plaintiff's claims are barred in part by the statute of limitations for any claim prior to August 18, 2015.

### Sixth Affirmative Defense

Plaintiff's damages are barred or limited by the *de minimus* doctrine, 29 C.F.R. §785.47.

### Seventh Affirmative Defense

To the extent any damages are owed to Plaintiff (a claim denied by the Defendants,) they should be for half time and not time and one half because Plaintiff has already been compensated by salary for all hours worked

## RESERVATION OF AFFIRMATIVE DEFENSES

Defendant reserves the right to allege any affirmative defenses as discovery proceeds.

WHEREFORE, Defendants, CONCEPT AUTO, INC., MIKE KVACHUK, and MARAT KVACHUK, having fully answered the Complaint and having raised legal defenses thereto, request judgment in their favor in its entirety and that the Defendants be awarded their costs, and reasonable attorneys' fees as may be allowed under 29 U.S.C. §§201-216, 28 U.S.C. §1927, and under the federal rules of civil procedure.

## JURY DEMAND

Defendants hereby request trial by jury on all issues so triable.

Respectfully submitted, this 10th day of October, 2017.

                                                                  LUBELL & ROSEN, LLC
*Attorneys for Defendants*
200 S. Andrews Ave, Suite 900
Fort Lauderdale, Florida 33301
Phone: (954) 880-9500
Fax: (954) 755-2993
E-mail:   adi@lubellrosen.com

By: *s/Adi Amit*
    Adi Amit, Esquire
    Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 10, 2017, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:___/s *Adi Amit*_____
    Adi Amit, Esquire
    Florida Bar No: 35257

## **SERVICE LIST**

*Arnaldo Hernandez v. Concept Auto, Inc. et al*
S.D. Fla. Case No. 1:17-cv-23143-JEM

Neil Tobak, Esq.
Rivkah Fay Jaff, Esq.
Jamie H. Zidell, Esq.
J.H. ZIDELL, P.A.
300 71st Street
Suite 605
Miami Beach, Florida 33141
Ntobak.zidellpa@gmail.com
Rivkah.Jaff@gmail.com
ZABOGADO@AOL.COM
*Counsel for Plaintiff*

Adi Amit, Esquire
LUBELL & ROSEN, LLC
200 S. Andrews Avenue
Suite 900
Fort Lauderdale, Florida 33301
adi@lubellrosen.com
*Counsel for Defendants*